**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **W. TODD JENSEN,** | |
| **Plaintiff,** | **Case No. 19-cv-657 (RA)** |
| **-against-** | |
| **AR GLOBAL INVESTMENTS, LLC, AR CAPITAL, LLC, ARC ADVISORY SERVICES, LLC, AMERICAN REALTY CAPITAL ADVISORS, LLC, HEALTHCARE TRUST ADVISORS, LLC, AMERICAN REALTY CAPITAL HEALTHCARE TRUST III ADVISORS, LLC, BELLEVUE CAPITAL PARTNERS, LLC, and AMERICAN REALTY CAPITAL II, LLC,** | |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**REED SMITH LLP**

Cindy Schmitt Minniti
Mark S. Goldstein
Talia N. Fiano
599 Lexington Avenue
New York, New York 10022
(212) 549-0327

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

SUMMARY OF RELEVANT FACTUAL ALLEGATIONS ..................................................... 2

ARGUMENT .............................................................................................................................. 5

I.   PLAINTIFF'S SECOND CAUSE OF ACTION FAILS BECAUSE HE
     ALLEGES A WHOLESALE WITHHOLDING OF WAGES – RATHER THAN
     SPECIFIC DEDUCTIONS – AND ALSO BECAUSE FORMULA-BASED
     BONUSES, LIKE THE PROFITS BONUSES, DO NOT CONSTITUTE
     "WAGES"............................................................................................................................ 6

     A.   A Cause of Action Under Section 193 Cannot Proceed Where, as Here, it
          is Predicated on an Alleged Wholesale Withholding of Wages ............................. 7

     B.   The Profits Bonuses Cannot Be Recovered Under Section 193 Because
          They Are Formula-Based Bonuses and, Therefore, not "Wages"........................ 10

II.  PLAINTIFF'S CLAIMS FOR SEVERANCE PAY (COUNT THREE) AND
     ACCRUED BENEFITS (COUNT FOUR) FAIL BECAUSE THEY TOO
     ALLEGE A WHOLESALE WITHHOLDING OF WAGES, AND ALSO
     BECAUSE PLAINTIFF WAS, BY HIS OWN ADMISSION, AN EXECUTIVE ......... 11

     A.   Plaintiff's Third and Fourth Causes of Action, Like His Second Cause of
          Action, Fail Because NYLL § 193 Does Not Permit Recovery for an
          Alleged Wholesale Withholding of Wages............................................................ 11

     B.   Plaintiff's Third and Fourth Causes of Action Also Fail Because Executive
          Employees, Like Plaintiff, Cannot Recover Under NYLL § 198........................ 12

III. BECAUSE IT WOULD BE FUTILE, PLAINTIFF SHOULD NOT BE
     PERMITTED TO AMEND HIS ALREADY ONCE-AMENDED COMPLAINT ......... 14

CONCLUSION.......................................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................................5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007)........................................................................................5

*Auffarth v Herald Nat. Bank*,
    No. 600800/10, 2012 WL 10007002 (Sup. Ct. N.Y. Cty. Aug. 13, 2012) ..............13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................5

*Cuervo v. Opera Sols. LLC*,
    87 A.D.3d 426 (1st Dep't 2011) ................................................................................8

*Fraiberg v. 4Kids Entm't, Inc.*,
    75 A.D.3d 580 (2d Dep't 2010)...........................................................................13, 14

*Garg v. Wyckoff Heights Med. Ctr., Inc.*,
    42 Misc. 3d 1211(A), (Sup. Ct. Kings Cty. 2013) ..................................................14

*Gold v. Am. Med. Alert Corp.*,
    No. 14 CIV. 5485 JFK, 2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) ................7, 9

*Goldberg v. Jacquet*,
    667 F. App'x 313 (2d Cir. 2016) ...........................................................................8, 9

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009)..........................................................................................5

*Hughes v. Standard Chartered Bank, PLC*,
    No. 9 Civ. 4595 (PKC), 2010 WL 1644949 (S.D.N.Y. Apr. 14, 2010) ...................5

*J.K. Dental Lab Servs., Inc. v. Manno*,
    38 Misc. 3d 1227(A), (Sup. Ct. N.Y. Cty. 2013)....................................................14

*Khurana v. Wahed Invest, LLC*,
    No. 18-CV-233(LAK)(BCM), 2019 WL 1430433 (S.D.N.Y. Feb. 26, 2019),
    No. 18-CV-0233 (LAK), 2019 WL 1432589 (S.D.N.Y. Mar. 29, 2019) ..................9

*Kletter v. Fleming*,
    32 A.D.3d 566 (3d Dep't 2006)..................................................................................8

*Komlossy v. Faruqi & Faruqi, LLP*,
  No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017), *aff'd,*
  714 F. App'x 11 (2d Cir. 2017) ...................................................................................8, 9

*Kone v. Joy Constr. Corp*.,
  No. 15CV1328-LTS, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ...........................................8

*Levion v. Societe Generale*,
  822 F. Supp. 2d 390 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012)......................10

*Marshall v. UBS Fin. Servs., Inc*.,
  No. 14 Cv. 4384(JGK), 2015 WL 4095232 (S.D.N.Y. July 7, 2015).....................................7

*Monagle v. Scholastic, Inc.*,
  No. 06–Civ–14342, 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007) ............................................8

*Naderi v. North Shore-Long Island Jewish Health System*,
  No. 158028/13, 2014 WL 840417 (Sup. Ct. N.Y. Cty. Feb. 28, 2014) ..................................12

*Naderi v. North Shore-Long Island Jewish Health System*,
  135 A.D.3d 619, 620 (1st Dep't 2016) ..................................................................................14

*Neal v. Wilson*,
  239 F. Supp. 3d 755 (S.D.N.Y. 2017)....................................................................................14

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
  111 F. Supp. 3d 494 (S.D.N.Y. 2015), *aff'd,* 646 F. App'x 2 (2d Cir. 2016)..........................8

*Pachter v. Bernard Hodes Group, Inc.*,
  10 N.Y.3d 609 (2008) ...........................................................................................................14

*Paul v. Lenox Hill Hosp.*,
  No. 13CV01566CBALB, 2016 WL 4775532 n.15 (E.D.N.Y. Jan. 15, 2016),
  2016 WL 1271034 (E.D.N.Y. Mar. 29, 2016).........................................................................12

*Perella Weinberg Partners LLC v. Kramer*,
  153 A.D.3d 443 (1st Dep't 2017) ......................................................................................7, 8, 9

*Ryan v. Kellog Partners Inst. Servs.*,
  19 N.Y.3d 1 (2012) .................................................................................................................9

*Samuels v. Thomas Crimmins Contracting Co*.,
  No. 91 CIV. 6657 (SS), 1993 WL 36168 (S.D.N.Y. Feb. 9, 1993)........................................10

*Tischmann v. ITT/Sheraton Corp*.,
  882 F. Supp. 1358 (S.D.N.Y. 1995).......................................................................................10

*Wachter v. Kim*,
    No. 650532/08, 2013 WL 144760 (Sup. Ct. N.Y. Cty. Jan. 11, 2013)......................................8

*Wagner v. Edisonlearning, Inc.*,
    No. 09 CIV. 831(SAS), 2009 WL 1055728 (S.D.N.Y. Apr. 17, 2009)............................12, 13

Defendants AR Global Investments, LLC; AR Capital, LLC; ARC Advisory Services, LLC; American Realty Capital Advisors, LLC; Healthcare Trust Advisors, LLC; American Realty Capital Healthcare Trust III Advisors, LLC; Bellevue Capital Partners, LLC; and American Realty Capital II, LLC (collectively, "Defendants" or "AR Global") submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, with prejudice, the Second, Third, and Fourth Causes of Action asserted in the Amended Complaint ("Amended Complaint" or "Am. Compl.") of Plaintiff W. Todd Jensen ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff commenced this action seeking alleged non-payment of bonuses, severance pay, and accrued benefits that, following his August 2018 termination, he believes he is entitled to under his Employment Agreement.  In his Amended Complaint, Plaintiff argues that Defendants' alleged non-payment amounts not only to a garden-variety breach of contract claim (the First Cause of Action), but to a tripartite violation of the New York Labor Law (the Second, Third, and Fourth Causes of Action).  However, Plaintiff's New York Labor Law claims flout well-settled case law and simply cannot survive.

**First and foremost**, all three of Plaintiff's wage claims fail as a matter of law because Section 193 of the New York Labor Law only applies to specific unauthorized wage deductions. Such deductions are better understood as, and limited to, things like fines, payments, or other forms of pay docking.  Section 193 does not apply, however, to a wholesale withholding of wages, which is what Plaintiff alleges occurred here with respect to the bonuses, severance pay, and benefits at issue.  For this reason alone, all three of Plaintiff's Labor Law claims must be dismissed with prejudice.

**Second**, even if this were not the case, Plaintiff's Second Cause of Action still fails because the bonuses that he seeks to recover are formula-based payments dependent on factors outside of Plaintiff's control.  Under these circumstances, the law is clear that such bonuses do not constitute "wages" within the meaning of the Labor Law.  Plaintiff therefore cannot seek to recover the bonuses under the pretense of a wage claim.

**Third and finally**, Plaintiff's Third and Fourth Causes of Action also fail for the additional and alternative reason that Plaintiff, by his own admission, was an executive employee.  As an executive, Plaintiff is barred by Labor Law § 198-c from seeking to recover "wage supplements," such as severance pay and accrued benefits.  The law is emphatically clear in this regard.

In short, Plaintiff's New York Labor Law claims regurgitate flimsy arguments that courts within the Second Circuit – including the Court of Appeals itself – have rejected on multiple prior occasions.  As more fully stated below, Plaintiff's Second, Third, and Fourth Causes of Action must be dismissed with prejudice.

## SUMMARY OF RELEVANT FACTUAL ALLEGATIONS[1]

Plaintiff alleges in the Amended Complaint that, between 2011 and 2018, he held several positions of employment with Defendants.[2]  Specifically, Plaintiff claims that he served as:[3]

---

[1] Any summaries herein of background information and Plaintiff's allegations are for purposes of this motion only and do not constitute an admission by Defendants of any of the factual allegations against them or of any liability whatsoever on the part of Defendants to Plaintiff.

[2] Plaintiff contends that Defendants are "closely affiliated sponsors and advisors to three public, non-traded Real Estate Investment Trusts ("REITs") focusing primarily on healthcare-related assets, including medical office buildings and other healthcare-related facilities."  (Am. Compl. ¶ 56.)

[3] Nothing herein shall be construed as an admission by Defendants (i) that any Defendant was ever Plaintiff's employer, whether separately or jointly (and Defendants aver that Plaintiff's specific employment relationship is set forth in his employment agreement, as amended) or (ii) of any allegations of wrongdoing or liability by, or interrelationship or interconnectivity between, any of Defendants.

- Chief Investment Officer and Executive Vice President of Defendant American Realty Capital Healthcare Advisors, LLC ("ARCHA") from February 17, 2011 to approximately January 2015 (Am. Compl. ¶¶ 59-61);

- Chief Investment Officer and Executive Vice President of Defendant Healthcare Trust Advisors, LLC ("HTI Advisor") from April 24, 2014 to December 18, 2015 (*id.* ¶¶ 62-64);

- President of Defendant HTI Advisor from December 18, 2015 to March 7, 2016 (*id.* ¶ 64);

- CEO of Defendant HTI Advisor from March 7, 2016 to August 10, 2018 (*id.*);

- Chief Investment Officer and Executive Vice President of Defendant American Realty Capital Healthcare Trust III Advisors, LLC ("HCT III Advisor") from April 24, 2014 to December 18, 2015 (*id.* ¶¶ 65-67);

- President of Defendant HCT III Advisor from December 18, 2015 to March 7, 2016 (*id.* ¶ 67);

- CEO of Defendant HCT III Advisor from March 7, 2016 to August 10, 2018 (*id.*); and

- President and CEO of Healthcare Trust Inc. and American Realty Capital Healthcare Trust III, Inc. (*id.* ¶ 68).

Plaintiff concedes that, in his various alleged capacities with Defendants, he was considered an executive employee. (*Id.* ¶ 58.)

As is relevant to this motion, Plaintiff alleges that, on February 17, 2011, he and ARCHA entered into an Employment Agreement (the "Employment Agreement"). (Am. Compl. ¶¶ 69-71.) The parties amended the Employment Agreement, Plaintiff asserts, on December 29, 2015 and then again on March 7, 2016. (*Id.* 75-76.) According to the Amended Complaint, the Employment Agreement, as amended, entitled Plaintiff to two different yearly bonuses. The first was an "Annual Bonus," for which Plaintiff is not seeking recovery in this suit. The second was a profits bonus, consisting of "4% of the annual net profits" of HTI Advisor and HCT III Advisor (the "Profits Bonus"). (*Id.* ¶ 79.) Plaintiff contends that the Profits Bonus "was 100% mandatory both as to payment and percentage." (*Id.*) For 2017, Plaintiff alleges that payment of

- 3 -

his Profits Bonus was due by March 15, 2018.  Plaintiff further alleges that, despite this deadline, Defendants failed to pay him his 2017 Profits Bonus as required ("on the grounds that its 2017 financials hadn't been completed yet").  (*Id.* ¶ 84.)

According to the Amended Complaint, Defendants ultimately terminated Plaintiff's employment without Cause – a defined term in the Employment Agreement – on August 10, 2018.[4]  This termination, according to Plaintiff, triggered various payment obligations on Defendants' part.  Specifically, Plaintiff alleges that, because Defendants terminated his employment without Cause, he was entitled to receive the following payments pursuant to Section 5(c) of the Employment Agreement:

> i.    an accrued Profits Bonus consisting of a pro rata share of the Profits Bonus for any partially completed year of service (the "Accrued Profits Bonus");
>
> ii.   accrued benefits consisting of the value of accrued vacation and personal days (the "Accrued Benefits"); and
>
> iii.  one year's salary as severance (the "Severance Pay").

(Am. Compl. ¶ 80.)  The crux of Plaintiff's claim is that, following his August 2018 termination, Defendants failed to pay him his contractually-required Accrued Profits Bonuses, Accrued Benefits, and Severance Pay.

Based upon the foregoing, Plaintiff asserts four causes of action: one for breach of contract – which is not the subject of this motion – and three for violations of the New York Labor Law (the "Labor Law" or "NYLL").  Specifically, in the Second Cause of Action, Plaintiff seeks to recover allegedly unpaid Profits Bonuses for 2016 and 2017 (Am. Compl. ¶¶ 83-84, 137), as well as an allegedly unpaid Accrued Profits Bonus for his partial year of employment in

---

[4] It is not germane for purposes of this motion whether Plaintiff's employment was terminated with or without Cause.

2018. (*Id.* ¶ 137.) Plaintiff asserts that Defendants' failure to pay these amounts constitutes not only a breach of the Employment Agreement but, also, a violation of Labor Law § 193. (*See id.* ¶ 156.) In the Third and Fourth Causes of Action, Plaintiff seeks to recover the Accrued Benefits and Severance Pay, again on the theory that Defendants' wholesale withholding of such amounts violates the NYLL. (*Id.* ¶ 160.)

This motion seeks to dismiss Plaintiff's three NYLL claims with prejudice.

## ARGUMENT[5]

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a Complaint must allege facts "sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet . . . is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal alteration omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"[D]etermining whether a complaint states a plausible claim for relief will be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The notice pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Hughes v. Standard Chartered Bank, PLC*, No. 9 Civ. 4595 (PKC), 2010 WL 1644949, at *2 (S.D.N.Y. Apr. 14, 2010) (granting motion to dismiss breach of contract claim brought by at-will employee).

---

[5] Nothing herein shall be construed as an admission by Defendants that Plaintiff is or was entitled to the protections afforded by, or to recover under, the NYLL (or any New York law, rule, or regulation for that matter).

As discussed below, Plaintiff does not, and cannot under any circumstances, satisfy the *Twombly/Iqbal* pleading standard in connection with his three Labor Law causes of action. These claims – which represent a transparent attempt to recast what amounts to a simple breach of contract claim, as a violation of the NYLL – are in fact barred as a matter of law.  The Amended Complaint's Second, Third, and Fourth Causes of Action must therefore be dismissed in their entirety, with prejudice, and Plaintiff should not be given an opportunity to further amend his pleadings because such amendment would be futile.

I.    **PLAINTIFF'S SECOND CAUSE OF ACTION FAILS BECAUSE HE ALLEGES A WHOLESALE WITHHOLDING OF WAGES – RATHER THAN SPECIFIC DEDUCTIONS – AND ALSO BECAUSE FORMULA-BASED BONUSES, LIKE THE PROFITS BONUSES, DO NOT CONSTITUTE "WAGES"**

Plaintiff's Second Cause of Action – to recover allegedly unpaid Profits Bonuses for 2016, 2017, and 2018 – fails for several separate and distinct reasons.  **First**, the claim fails because Labor Law § 193 only applies to wage deductions.  It does not apply, as Plaintiff incorrectly urges, to the wholesale withholding of wages (which is what Plaintiff alleges occurred here).  **Second**, even if this were not the case, Section 193 does not apply to formula-based bonuses such as the Profits Bonuses.  Each of these incurable deficiencies in Plaintiff's Second Cause of Action will be addressed in turn below.

**A.      A Cause of Action Under Section 193 Cannot Proceed Where, as Here, it is Predicated on an Alleged Wholesale Withholding of Wages**

As noted, Plaintiff's Second Cause of Action seeks to recover, pursuant to NYLL § 193, Profits Bonuses that Defendants allegedly withheld from him.[6]  Section 193, however, does not permit a cause of action under such circumstances.  To that end, the law is well-settled – and Plaintiff expressly acknowledges – that Labor Law § 193 prohibits only unauthorized "deductions" from an employee's wages.  (*See* Am. Compl. ¶ 144 ("NYLL § 193 provides that "[n]o employer shall make any [unauthorized] deduction from the wages of an employee.").).

The law is equally well-settled, however, that a "**wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193**." *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 449 (1st Dep't 2017) (emphasis added).  A cause of action under Section 193, therefore, cannot proceed beyond the pleading stage where, as here, the plaintiff alleges a blanket and total withholding of wages, rather than specific deductions from wages.  As has been explained, reading NYLL § 193 to permit claims for wholesale withholdings, rather than specific unauthorized deductions, "would simply make any employee's common-law breach of contract claim also actionable under section 193 [and] would lead to a windfall for employees." *Gold v. Am. Med. Alert Corp*., No. 14 CIV. 5485 JFK, 2015 WL 4887525, at *4-5 (S.D.N.Y. Aug. 17, 2015) (dismissing Section 193 claim under Rule 12(b)(6) because plaintiff pled a "total withholding of wages," which was the essence of plaintiff's breach of contract

---

[6] In the Second Cause of Action, Plaintiff technically also asserts claims pursuant to NYLL §§ 190 and 198.  The law is clear, however, that such sections of the Labor Law do not provide for an independent cause of action. Plaintiff's apparent reliance on these sections is therefore misplaced and warrants dismissal.  *See Marshall v. UBS Fin. Servs., Inc*., No. 14 Cv. 4384(JGK), 2015 WL 4095232, at *5 (S.D.N.Y. July 7, 2015) ("Section 198 sets forth a remedial scheme for recovering benefits owed by some other provision of the NYLL, but does not create obligations giving rise to an independent cause of action."); Section 190 (providing definitions).

The same hold true with respect to Plaintiff's Third and Fourth Causes of Action, which are discussed in Section II below.

claim, rather than any specific deduction from wages); *see also Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016) ("In order to state a claim for a violation of NYLL § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages"); *O'Grady v. BlueCrest Capital Mgmt. LLP*, 111 F. Supp. 3d 494, 506 (S.D.N.Y. 2015), *aff'd,* 646 F. App'x 2 (2d Cir. 2016) ("[Plaintiff's] section 193 claim fails because section 193 applies to amounts *deducted* from wages, not *unpaid* wages and severance, which is alleged here") (emphasis in original); *Monagle v. Scholastic, Inc.,* No. 06–Civ–14342, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) ("Section 193 has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages"); *Perella Weinberg*, 153 A.D.3d at 449.[7]

Here, Plaintiff's Second Cause of Action alleges that Defendants improperly – **and wholly** – withheld payment of three years' worth of Profits Bonuses.  (*See, e.g.,* Am. Compl. ¶ 156 (Defendants "neglect[ed] and refus[ed] to pay" Plaintiff's Profits Bonuses and Accrued Profits Bonus).)  Plaintiff does not – because he cannot – allege any actual or specific deductions from his wages, such as fines, payments, or similar "pay docking."  *Komlossy*, 2017 WL 722033, at *14–15.  Plaintiff's second claim is therefore barred, in line with Second Circuit jurisprudence, as a matter of law.

---

[7] *See also Kletter v. Fleming*, 32 A.D.3d 566 (3d Dep't 2006) (affirming dismissal of § 193 claim where defendant did not allege any specific deduction); *Wachter v. Kim*, No. 650532/08, 2013 WL 144760, at *2 (Sup. Ct. N.Y. Cty. Jan. 11, 2013) ("Because [Plaintiff] merely alleges the failure to pay wages rather then a specific unauthorized deduction from his wages, his claim for violation of section 193 of the Labor Law fails"); *Cuervo v. Opera Sols. LLC*, 87 A.D.3d 426, 428 (1st Dep't 2011) ("Here, plaintiff contends that defendant reduced the commission percentage to which he was entitled. He does not allege that defendants made deductions from those commissions"); *Kone v. Joy Constr. Corp.*, No. 15CV1328-LTS, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016) (dismissing § 193 claim where "claim identifies no specific deductions").

Indeed, "'**deductions' are better understood as, and limited to, things like fines, payments, or other forms of pay docking**," which Plaintiff does not allege here.  *See Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *14–15 (S.D.N.Y. Feb. 23, 2017), *aff'd,* 714 F. App'x 11 (2d Cir. 2017) (dismissing Section 193 claim under Rule 12(b)(6)) (emphasis added).

Clearly aware that an alleged wholesale withholding of wages is insufficient to state a claim under Section 193 – and sensing that a motion to dismiss his NYLL claims would surely be forthcoming – Plaintiff attempts in the Amended Complaint to preemptively argue that this Court should rebuff binding Second Circuit precedent and permit his claim for purportedly unpaid Profits Bonuses under Labor Law § 193 to proceed.  (*See* Am. Compl. ¶¶ 151-156.)  In support of this repeatedly-debunked theory, Plaintiff points to but one source – a law review article authored by **<u>Plaintiff's counsel himself</u>**.  (*Id.* ¶ 152.)  Like the Amended Complaint, this article is devoid of any authority that could, even under the most indulgent reading, support Plaintiff's interpretation of Section 193.  The sole case on which Plaintiff relies – *Ryan v. Kellog Partners Inst. Servs.*, 19 N.Y.3d 1, 16 (2012) – has in fact been distinguished by many of the same Second Circuit decisions holding that Section 193 is inapplicable to wholesale withholdings of wages.  Indeed, as one court explained, the issue of whether a "wholesale withholding of payment" qualifies as a "deduction . . . was not addressed by the Court of Appeals in [*Ryan*]."  *Perella Weinberg*, 153 A.D.3d at 449–50; *see also Gold*, 2015 WL 4887525, at *4 (the *Ryan* court "focused on the definition of 'wages'" and "did not squarely address what qualifies as a deduction"; thus, *Ryan* was "not particularly helpful" to the deduction issue); *Komlossy*, 2017 WL 722033, at *14 n.8 (same).[8]

Simply put, Plaintiff cannot provide any basis for this Court to not only ignore, but in fact reverse, firmly-rooted precedent concerning Section 193.  As a result, Plaintiff's Second Cause of Action must be dismissed.  *See Goldberg*, 667 F. App'x at 314.

---

[8] The other case cited by Plaintiff – *Khurana v. Wahed Invest, LLC*, No. 18-CV-233(LAK)(BCM), 2019 WL 1430433 (S.D.N.Y. Feb. 26, 2019), *report and recommendation adopted,* No. 18-CV-0233 (LAK), 2019 WL 1432589 (S.D.N.Y. Mar. 29, 2019) – is inapposite because the issue in that case was whether the bonus payment was discretionary, a question the court did not even reach because the "failure of [plaintiff's] contract claim also necessarily defeat[ed] his wage claim under New York Labor Law § 193."  In any event, the Court specifically stated that "nothing in the text of [Section 193] suggests that it engrafts a statutory remedy onto what would otherwise be a common-law contract claim for a bonus payment."  *Id.*

### B.    The Profits Bonuses Cannot Be Recovered Under Section 193 Because They Are Formula-Based Bonuses and, Therefore, not "Wages"

Even if Plaintiff had alleged specific deductions to the Profits Bonuses (rather than a wholesale withholding of wages), Section 193 would still not entitle Plaintiff to recover his allegedly "earned, contractually-guaranteed and fully vested 4% Profits Bonus for 2016 and 2017 and 4% Accrued Profits Bonus for 2018."  (Am. Compl. ¶ 137.)  This is because formula-based bonuses that are dependent on revenue outside of an individual's direct control, such as the Profits Bonuses, do not constitute "wages" under the Labor Law.  *See Tischmann v. ITT/Sheraton Corp*., 882 F. Supp. 1358, 1370 (S.D.N.Y. 1995) ("Under New York law, incentive compensation based on factors falling outside the scope of the employee's actual work is precluded from statutory coverage"); *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 403 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012) ("It is settled that the term 'wages,' despite its broad definition does not encompass an incentive compensation plan, such as where an employee receives a guaranteed salary and may also receive supplemental income based upon the dual performance of the employee and the business or as a result of other factors outside of the employee's control").

Here, the Profit Bonuses are, according to the Amended Complaint itself, tied solely to the annual net profits of HTI Advisor and HCT III Advisor.  They therefore rely on "factors falling outside the scope of the employee's actual work."  *See Tischmann*, 882 F. Supp. at 1370. Even accepting as true the allegation that the Profits Bonuses are "earned, contractually-guaranteed and fully vested," the amount of the Profits Bonuses would nevertheless necessarily vary based on any number of internal and external factors contributing to the profitability of HTI Advisor and HCT III Advisor.  As such, the Profit Bonuses do not qualify as "wages" to which Plaintiff is entitled under the Labor Law.  *Samuels v. Thomas Crimmins Contracting Co*., No. 91

CIV. 6657 (SS), 1993 WL 36168, at *7 (S.D.N.Y. Feb. 9, 1993) (finding that a bonus should not be considered "wages" where the bonus is "incentive not tied to [] performance" and is earned in addition to fixed compensation, such as a salary).[9]

Accordingly, for this separate and independent reason, Plaintiff is not entitled to seek recovery of the allegedly withheld Profits Bonuses under Section 193.

## II. PLAINTIFF'S CLAIMS FOR SEVERANCE PAY (COUNT THREE) AND ACCRUED BENEFITS (COUNT FOUR) FAIL BECAUSE THEY TOO ALLEGE A WHOLESALE WITHHOLDING OF WAGES, AND ALSO BECAUSE PLAINTIFF WAS, BY HIS OWN ADMISSION, AN EXECUTIVE

In the Amended Complaint's Third and Fourth Causes of Action, Plaintiff alleges that Defendants improperly withheld Severance Pay and Accrued Benefits, respectively.  This alleged slight, Plaintiff argues, constitutes a violation of Labor Law §§ 193 and 198.  (Am. Compl. ¶¶ 160-61.).  Plaintiff's argument in this regard, however, is misplaced and unavailing, just as it was with his Second Cause of Action.

### A. Plaintiff's Third and Fourth Causes of Action, Like His Second Cause of Action, Fail Because NYLL § 193 Does Not Permit Recovery for an Alleged Wholesale Withholding of Wages

As a threshold matter, Plaintiff alleges in the Third and Fourth Causes of Action that Defendants engaged in a wholesale withholding of Severance Pay and Accrued Benefits (as opposed to taking specific deductions).  (*See id.* ¶¶ 161 ("Defendants fail[ed] and refus[ed] to pay [Plaintiff's] Accrued Benefits and severance pay"); 174 (Defendants "neglect[ed] and refus[ed] to pay" Plaintiff his 12 months of severance pay); (Defendants "neglect[ed] and refus[ed] to pay" Plaintiff's Accrued Benefits).)

---

[9] The cases cited by Plaintiff in the Amended Complaint (*see* Am. Compl. ¶¶ 146-47) are wholly inapposite to this issue, as none of the cited cases involved bonuses that were dependent on factors outside the scope of the plaintiff-employee's work.

For the same reasons explained in Section I(A) above, however, a violation of NYLL §
193 does not, and cannot, lie where, as here, the plaintiff alleges a wholesale withholding of
wages.[10]  Counts Three and Four of Plaintiff's Amended Complaint must therefore be dismissed
on this basis alone.

### B.   Plaintiff's Third and Fourth Causes of Action Also Fail Because Executive Employees, Like Plaintiff, Cannot Recover Under NYLL § 198

Even if Plaintiff had alleged that Defendants made specific deductions from Severance
Pay and Accrued Benefits (which he does not), his Third and Fourth Causes of Action would still
fail because NYLL § 198 is inapplicable to executives like Plaintiff.  To that end, NYLL §
190(1) defines "wages" as including "benefits or wage supplements as defined in section 198-c."
Importantly, however, NYLL § 198-c does not apply to "any person in a bona fide executive,
administration, or professional capacity whose earnings are in excess of nine hundred dollars a
week."

In reliance on this clear and express language, courts within the Second Circuit have
repeatedly rejected attempts by executive employees to recover benefits and wage supplements,
like severance pay and accrued vacation, under NYLL § 198.  *See, e.g.*, *Wagner v.
Edisonlearning, Inc.*, No. 09 CIV. 831(SAS), 2009 WL 1055728, at *3 (S.D.N.Y. Apr. 17, 2009)
(applying § 198-c(3) and dismissing plaintiff's claim for wage supplements under Rule 12(b)(6)
as a result of plaintiff's status as an executive); *Paul v. Lenox Hill Hosp.*, No.
13CV01566CBALB, 2016 WL 4775532, at *22 n.15 (E.D.N.Y. Jan. 15, 2016), *report and
recommendation adopted,* 2016 WL 1271034 (E.D.N.Y. Mar. 29, 2016) (dismissing § 193 claim
for withheld benefits because plaintiff was exempt under § 198-c(3)); *Naderi v. North Shore-*

---

[10] Nothing herein shall be construed as an admission by Defendants that any of the amounts to which Plaintiff claims
to be entitled under any cause of action, constitute or are "wages."

*Long Island Jewish Health System*, No. 158028/13, 2014 WL 840417, at \*5 (Sup. Ct. N.Y. Cty. Feb. 28, 2014) (same); *Fraiberg v. 4Kids Entm't, Inc.*, 75 A.D.3d 580, 583 (2d Dep't 2010) (Plaintiff could not assert a claim to compel payment of her severance package where plaintiff admitted that she worked in a bona fide executive, administrative or professional capacity and earned in excess of $900 per week); *Auffarth v Herald Nat. Bank*, No. 600800/10, 2012 WL 10007002, at \*3 (Sup. Ct. N.Y. Cty. Aug. 13, 2012) (same).

Here, Plaintiff admits numerous times in the Amended Complaint that he was employed as an executive.  (*See* Am. Compl. ¶¶ 4, 58-61, 65-68, 140.)  Plaintiff's status as a self-admitted "bona fide executive," therefore, dooms his claims for Severance Pay and Accrued Benefits as a matter of law.

Clearly recognizing, yet again, that his claims flout well-settled law, Plaintiff attempts to preempt this argument by positing in the Amended Complaint that NYLL § Section 198-c is an "inapplicable criminal statute."  (Am. Compl. ¶ 162.)  This argument, however, rings hollow and, in fact, contradicts the plain language of NYLL § 190.  Indeed, several courts have already considered this argument, and rejected it as illogical and unsupported.  *See Wagner*, 2009 WL 1055728, at \*3 ("[Plaintiff] "insists that section 198-c(3) is inapplicable because that provision refers solely to section 198-c(1) dealing with criminal penalties.  This reading, however, ignores the text of the section"); *Auffarth*, 2012 WL 10007002, at \*3 ("Plaintiffs fail to cite any case law which supports their claim that NYLL 198-c is inapplicable in a civil suit simply because it provides for criminal penalties.  On the contrary, the Bank cites numerous cases in which courts have applied NYLL 198-c to civil cases to deny executives separation pay under NYLL 198-c(3)").

Finally, Plaintiff's last-ditch reliance on *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 615 (2008), to stave off the inevitable – *i.e.*, dismissal – is misplaced.  In that case, the Court actually "**reaffirmed** the validity of the exclusion relating to benefits and wage supplements set forth in Labor Law § 198-c(3)."  *Fraiberg*, 75 A.D.3d at 583 (emphasis added). Indeed, New York courts have consistently applied 198-c(3) to bar claims for wage supplements since *Pachter* was decided.  *See, e.g.*, *J.K. Dental Lab Servs., Inc. v. Manno*, 38 Misc. 3d 1227(A), at *8 (Sup. Ct. N.Y. Cty. 2013) (acknowledging that, pursuant to *Pachter*, executives are not *generally* exempt from the protections of the Labor Law, but applying Section 198-c(3) to bar plaintiff's claim for wage supplements); *Garg v. Wyckoff Heights Med. Ctr., Inc.*, 42 Misc. 3d 1211(A), at *4-5 (Sup. Ct. Kings Cty. 2013) ("[I]t is undisputed that plaintiff served in an executive capacity during his tenure at Wyckoff . . . thus he is precluded by the express terms of the statute from" pursuing a cause of action for unpaid severance); *Naderi v. N. Shore-Long Island Jewish Health Sys.*, 135 A.D.3d 619, 620 (1st Dep't 2016).

For these reasons, Plaintiff has no redress under the Labor Law to recover Severance Pay or Accrued Benefits.

## III.  BECAUSE IT WOULD BE FUTILE, PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS ALREADY ONCE-AMENDED COMPLAINT

Lastly, Plaintiff should not be afforded an opportunity to resuscitate his deficient NYLL claims through amendment.  Amendment is not appropriate where the proposed amendment would be futile – *i.e.,* "if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Neal v. Wilson*, 239 F. Supp. 3d 755, 758 (S.D.N.Y. 2017).

Here, no amendment, whether factual or legal, could change the fact that Plaintiff cannot state a claim for violation of the Labor Law.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss, with

prejudice, the Second, Third, and Fourth Causes of Action asserted in the Amended Complaint,

together with such other and further relief as the Court deems just and proper.


Dated:  New York, New York
       May 13, 2019

**REED SMITH LLP**

By: *<u>/s/ Cindy Schmitt Minniti</u>*
    Cindy Schmitt Minniti
    Mark S. Goldstein
    Talia N. Fiano
599 Lexington Avenue
New York, N.Y.  10022
(212) 549-0327
*Attorneys for Defendants*