UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| W. TODD JENSEN,<br><br>                    Plaintiff,<br><br>-against-<br><br>AR GLOBAL INVESTMENTS, LLC, AR CAPITAL, LLC, ARC ADVISORY SERVICES, LLC, AMERICAN REALTY CAPITAL ADVISORS, LLC, HEALTHCARE TRUST ADVISORS, LLC, AMERICAN REALTY CAPITAL HEALTHCARE TRUST III ADVISORS, LLC, BELLEVUE CAPITAL PARTNERS, LLC, and AMERICAN REALTY CAPITAL II, LLC,<br><br>                    Defendants. | Case No. 19-cv-657 (RA) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

REED SMITH LLP

Cindy Schmitt Minniti
Mark S. Goldstein
Talia N. Fiano
599 Lexington Avenue
New York, New York 10022
(212) 549-0327

## **TABLE OF CONTENTS**

                                                                                                 **Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.     AS AN INITIAL MATTER, SECTIONS 190 AND 198 OF THE LABOR LAW
       DO NOT PROVIDE FOR INDEPENDENT CAUSES OF ACTION ............................... 2

II.    PLAINTIFF'S SECOND, THIRD, AND FOURTH CAUSES OF ACTION FAIL
       BECAUSE PLAINTIFF ALLEGES A WHOLESALE WITHHOLDING OF
       WAGES RATHER THAN SPECIFIC DEDUCTIONS ....................................................... 4

III.   THE SECOND CAUSE OF ACTION FAILS FOR THE ADDITIONAL
       REASON THAT THE PROFITS BONUSES ARE NOT "WAGES" ............................... 7

IV.   THE THIRD AND FOURTH CAUSES OF ACTION FAIL BECAUSE
       PLAINTIFF WAS, BY HIS OWN ADMISSION, AN EXECUTIVE ............................... 9

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bader v. Wells Fargo Home Mortg. Inc.*,
   773 F. Supp. 2d 397 (S.D.N.Y. 2011)..................................................................................5

*Cantor Fitzgerald Assocs., L.P. v. Mines*,
   1 Misc. 3d 906(A), (Sup. Ct. N.Y. Cty. 2003).................................................................10

*Contrera v. Langer*,
   314 F. Supp. 3d 562 (S.D.N.Y. 2018)...............................................................................3, 4

*Denhaese v. Buffalo Spine Surgery, PLLC*,
   144 A.D.3d 1519 (4th Dep't 2016).....................................................................................5

*Edwards v. Schrader-Bridgeport Int'l, Inc.*,
   205 F. Supp. 2d 3 (N.D.N.Y. 2002)..................................................................................10

*Eschelbach v. CCF Charterhouse/Credit Commercial De France*,
   No. 01 CIV. 1778 (FM), 2006 WL 2057205 (S.D.N.Y. July 25, 2006)..................................5

*Esmilla v. Cosmopolitan Club*,
   936 F. Supp. 2d 229 (S.D.N.Y. 2013).................................................................................5

*Fallman v. Hotel Insider Ltd*,
   No. 14-CV-10140 (SAS), 2016 WL 316378 (S.D.N.Y. Jan. 15, 2016) ..................................3

*Fearon-Gallimore v. Gottlieb*,
   No. 155133/2017, 2018 WL 1335255 (Sup. Ct. N.Y. Cty. Mar. 15, 2018) ............................6

*Figura v. N. Country Janitorial, Inc.*,
   53 Misc. 3d 881 (Sup. Ct. Warren Cty. 2016) ....................................................................9

*Fischkoff v. Iovance Biotherapeutics, Inc.*,
   No. 17CIV5041ATGWG, 2018 WL 4574890...............................................................5, 7, 8

*Fraiberg v. 4Kids Entm't, Inc.*,
   75 A.D.3d 580 (2d Dep't 2010).........................................................................................9

*Freedom Home Mortg. Corp. v. Platinum Home Mortg. Corp.*,
   No. 1:11-CV-1357 GTS, 2015 WL 1446152 (N.D.N.Y. Mar. 30, 2015)................................8

*Friedman v. Arenson Office Furnishings Inc.*,
   129 A.D.3d 525 (1st Dep't 2015) ....................................................................................5, 8

*Giuntoli v. Garvin Guybutler Corp.*,
    726 F. Supp. 494 (S.D.N.Y. 1989) ................................................................................. 9

*Gold v. Am. Med. Alert Corp.*,
    No. 14 CIV. 5485 JFK, 2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015) ............................ 2, 5

*Goldberg v. Jacquet*,
    667 F. App'x 313 (2d Cir. 2016) ..................................................................................... 5

*Grober v. Bronson*,
    No. 651184/12, 2013 WL 497185 (Sup. Ct. N.Y. Cty. Feb. 04, 2013) ............................ 8

*Kane v Waterfront Media, Inc.*,
    No. 0604007/2007, 2008 WL 3996234 (Sup. Ct. N.Y. Cty. Aug. 20, 2008) ................... 6

*Khurana v. Wahed Invest, LLC*,
    No. 18CV233LAKBCM, 2019 WL 1430433 (S.D.N.Y. Feb. 26, 2019) ........................... 3

*Kieper v. Fusco Grp. Partners Inc.*,
    152 A.D.3d 1030 (3d Dep't 2017) ................................................................................... 5

*Kletter v. Fleming*,
    32 A.D.3d 566 (3d Dep't 2006) ...................................................................................... 7

*Kolchins v. Evolution Markets, Inc.*,
    31 N.Y.3d 100 (2018) ..................................................................................................... 5

*Komlossy v. Faruqi & Faruqi, LLP*,
    No. 15 CIV. 9316 (KPF), 2017 WL 722033 (S.D.N.Y. Feb. 23, 2017), *aff'd*,
    714 F. App'x 11 (2d Cir. 2017) ....................................................................................... 5

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*,
    771 F.3d 93 (2d Cir. 2014) .............................................................................................. 2

*Levy v. Verizon Info. Servs.*,
    498 F. Supp. 2d 586 (E.D.N.Y. 2007) ............................................................................ 8

*Malinowski v. Wall St. Source, Inc.*,
    No. 09 CIV. 9592 PAE, 2012 WL 279450 (S.D.N.Y. Jan. 31, 2012) ............................ 3, 6

*Marshall v. UBS Fin. Servs., Inc.*,
    No. 14 Cv. 4384(JGK), 2015 WL 4095232 (S.D.N.Y. July 7, 2015) ............................ 2, 3

*Monagle v. Scholastic, Inc.*,
    No. 06 CIV. 14342 GEL, 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007) ........................... 10

*Moras v. Marco Polo Network, Inc.*,
    No. 11 CIV. 2081 PAE, 2012 WL 6700231 (S.D.N.Y. Dec. 20, 2012) ............................ 6

*Pachter v. Bernard Hodes Group, Inc.*,
   10 N.Y.3d 609 (2008) ................................................................................................9

*Perella Weinberg Partners LLC v. Kramer*,
   153 A.D.3d 443 (1st Dep't 2017) ............................................................................4, 5

*Reilly v. Natwest Markets Grp. Inc.*,
   181 F.3d 253 (2d Cir. 1999) .......................................................................................3

*Ryan v. Kellog Partners Inst. Servs.*,
   19 N.Y.3d 1 (2012) ..................................................................................................4, 8

*Sosnowy v. A. Perri Farms, Inc.*,
   764 F. Supp. 2d 457 (E.D.N.Y. 2011) ........................................................................3

*Stec v. Passport Brands, Inc.*,
   No. 152069/2014, 2018 WL 4005858 (Sup. Ct. N.Y. Cty. Aug. 22, 2018) ...............6

*Truelove v. Ne. Capital & Advisory, Inc.*,
   95 N.Y.2d 220 (2000) .................................................................................................8

*Wachter v. Kim*,
   82 A.D.3d 658 (1st Dep't 2011) .................................................................................5

*Williams v. Epic Sec. Corp.*,
   358 F. Supp. 3d 284 (S.D.N.Y. 2019) ........................................................................6

Defendants submit this reply memorandum of law in further support of their motion to dismiss the Second, Third, and Fourth Causes of Action asserted in Plaintiff's Amended Complaint.[1]

## PRELIMINARY STATEMENT

In their moving brief ("Moving Brief" or "Mov. Br."), Defendants established that Plaintiff's New York Labor Law claims fail as a matter of law. This is because: (i) NYLL § 193 only applies to specific unauthorized wage deductions such as fines, payments, or other forms of pay docking, but not to a wholesale withholding of wages, as alleged here; (ii) even if this were not the case, Plaintiff's Second Cause of Action still fails because the bonuses he seeks to recover do not constitute "wages" within the meaning of the Labor Law; and (iii) Plaintiff's Third and Fourth Causes of Action are barred for the additional reason that, as an executive, Plaintiff cannot recover "wage supplements," such as the Severance Pay and Accrued Benefits.

**Nothing in Plaintiff's opposition brief ("Opposition" or "Opp.") compels a different conclusion**. For one thing, the Opposition fails to meaningfully address the voluminous case law cited by Defendants. Instead, Plaintiff merely regurgitates the same unsupported arguments that he advanced in the Amended Complaint and, in a transparent, last-ditch effort to stave off dismissal, argues that the well-settled case law cited by Defendants was all incorrectly decided. Indeed, Plaintiff's Opposition is essentially a 25-page plea urging this Court to rebuff and break with the dozens of Second Circuit and New York State court decisions that have already considered, and resoundingly rejected, Plaintiff's arguments.

But Plaintiff cannot ignore the longstanding authority cited by Defendants simply because it would benefit him for it not to exist. Nothing can change the fact that Plaintiff is

---

[1] Capitalized terms not defined herein shall have the same meaning as in Defendants' Moving Brief.

attempting to inappropriately shoehorn straightforward breach of contract claims into Labor Law violations. It is well settled that a broad interpretation of Article 6 which would "make any employee's common-law breach of contract claim also actionable under Section 193" is not permissible. *Gold v. Am. Med. Alert Corp.*, No. 14 CIV. 5485 JFK, 2015 WL 4887525, at *4 (S.D.N.Y. Aug. 17, 2015).

For these reasons, and as described further below, Plaintiff's Second, Third, and Fourth Causes of Action should be dismissed with prejudice.

## ARGUMENT

I.   **AS AN INITIAL MATTER, SECTIONS 190 AND 198 OF THE LABOR LAW DO NOT PROVIDE FOR INDEPENDENT CAUSES OF ACTION**

Plaintiff's Amended Complaint asserts that Defendants violated NYLL §§ 190, 193, 198(3), and 198(1-a) in connection with the Second, Third, and Fourth Causes of Action. As Defendants explained in the Moving Brief, however, only § 193, of the statutes cited by Plaintiff, provides for an independent cause of action. (Mov. Br. 7 n.6.) In this regard, NYLL § 190 merely provides definitions, and § 198 "sets forth a remedial scheme for recovering benefits owed by some other provision of the NYLL, but does not create obligations giving rise to an independent cause of action." *Marshall v. UBS Fin. Servs., Inc.*, No. 14 Cv. 4384(JGK), 2015 WL 4095232, at *5 (S.D.N.Y. July 7, 2015).

Plaintiff takes issue with this seemingly uncontroversial principle of law particularly with respect to § 198, arguing that this section of the Labor Law does in fact provide an independent basis for recovery. (Opp. Br. 19-23.) For support, Plaintiff cites, principally, to two Second Circuit opinions. These cases are inapposite, however, because they do not analyze, or even mention, the issue of whether § 198 provides any substantive rights that could support an independent cause of action. *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 111

(2d Cir. 2014) (overturning district court's grant of summary judgment for defendants based on statute of frauds defense); *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 264 (2d Cir. 1999) (analyzing whether plaintiff's incentive bonus constituted "wages" under the Labor Law).[2]

Indeed, numerous rulings (including ones cited by Plaintiff himself) since *Kroshnyi* and *Reilly* were decided, have concluded that § 198 cannot stand on its own, and that its purpose is to "merely list[] the remedies available for violations of the substantive provisions of the NYLL, which are set out elsewhere in Article 6 of the NYLL." *Khurana v. Wahed Invest, LLC*, No. 18CV233LAKBCM, 2019 WL 1430433, at *13 (S.D.N.Y. Feb. 26, 2019) ("In order to recover the remedies provided in § 198(1-a), a plaintiff must first plead and prove a violation of the wage payment law, article 6 of the Labor Law") (cited by Plaintiff); *Fallman v. Hotel Insider Ltd*, No. 14-CV-10140 (SAS), 2016 WL 316378, at *8 (S.D.N.Y. Jan. 15, 2016) ("Section 198 [] does not create a cause of action"); *Marshall*, 2015 WL 4095232, at *5 (same); *Malinowski v. Wall St. Source, Inc.*, No. 09 CIV. 9592 PAE, 2012 WL 279450, at *2 (S.D.N.Y. Jan. 31, 2012) ("[B]y its terms, § 198(3) applies only to 'an action to recover upon a liability imposed by this article'; it therefore does not supply a freestanding right to relief"); *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011) (same).

The recently decided case of *Contrera v. Langer*, 314 F. Supp. 3d 562, 568–70 (S.D.N.Y. 2018) – which Plaintiff mentions in his Opposition but does not meaningfully distinguish (because he cannot) – squarely rejects Plaintiff's argument that § 198(3)'s reference to "full wages" creates a cause of action to recover "agreed upon wages." In *Langer*, the Court held that the "problem with plaintiffs' argument is that section 198 is not a 'substantive provision' but one that addresses procedural matters collateral to liability such as limitations periods and damages."

---

[2] The other cases cited by Plaintiff (Opp. 21-22) similarly do not examine the issue of whether § 198 provides substantive rights.

*Id.* Accordingly, the Court concluded, the "title, content and structure of section 198 [] make clear that the reference in the last section to 'full wages' or to any other available form of damages does not create a 'liability imposed by this article.' Rather, any such liability must be found in another section of Article 6." *Id.*[3]

Thus, Plaintiff must sufficiently plead a viable cause of action under NYLL § 193 before he can recover any of the remedies set forth in § 198, whether found in subsection (1-a) or (3). Because Plaintiff cannot state a claim under § 193 – as demonstrated in the Moving Brief and herein – the Second, Third, and Fourth Causes of Action must be dismissed.

## II. PLAINTIFF'S SECOND, THIRD, AND FOURTH CAUSES OF ACTION FAIL BECAUSE PLAINTIFF ALLEGES A WHOLESALE WITHHOLDING OF WAGES RATHER THAN SPECIFIC DEDUCTIONS

Plaintiff concedes in the Opposition that he is seeking to recover wages that he alleges were wholly withheld. Despite this and the broad universe of case law contradicting him, Plaintiff nevertheless argues that NYLL § 193 applies to the wholesale withholding of wages. (*See* Opp. 2-5.) Plaintiff is incorrect as a matter of law. As demonstrated in the Moving Brief (Mov. Br. 6-9), § 193 prohibits only unauthorized "deductions" from an employee's wages, and a "wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193." *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 449 (1st Dep't 2017).

Plaintiff cites a litany of inapposite cases in an attempt to divert the Court's attention from the actual dispositive issue at hand. (*See* Opp. 2-4 & n.1.) For instance, Plaintiff contends that *Ryan v. Kellog Partners Inst. Servs.*, 19 N.Y.3d 1, 16 (2012), represents "binding" Court of Appeals precedent that this court is duty-bound to follow. But Plaintiff fails to mention that the

---

[3] For this reason, Plaintiff's argument that § 193 must be "harmonized" with § 198 misses the mark. (*See* Opp. 4, 23.) The two sections are already "in harmony," since § 198 provides remedies in the event that a substantive section of Article 6, such as § 193, is violated.

- 4 -

*Ryan* court **not once** discussed or analyzed the meaning of "deduction" under the statute, which is the key issue.  As one court compellingly explained, *Ryan* was concerned with whether the plaintiff's bonus constituted "wages" within the meaning of NYLL § 190(1), and thus the court "explicitly frame[d] [its] analysis as interpreting the definition of 'wages,' not deduction."  *Gold v. Am. Med. Alert Corp.*, No. 14 CIV. 5485 JFK, 2015 WL 4887525, at *3–4 (S.D.N.Y. Aug. 17, 2015).

*Ryan* did not "resolv[e] the issue of what counts as a 'deduction' . . . and therefore is not particularly helpful."  *Id.* at *4; *see also Komlossy v. Faruqi & Faruqi, LLP*, No. 15 CIV. 9316 (KPF), 2017 WL 722033, at *14 n.8 (S.D.N.Y. Feb. 23, 2017), *aff'd,* 714 F. App'x 11 (2d Cir. 2017) (agreeing with the *Gold* court that *Ryan* and its progeny are distinguishable because they framed their analyses as interpreting the definition of 'wages,' not 'deduction'); *Perella Weinberg*, 153 A.D.3d at 449–50 (issue of whether a "wholesale withholding of payment" qualifies as a "deduction . . . was not addressed by the Court of Appeals in [*Ryan*] or by this Court in *Wachter v. Kim*, 82 A.D.3d 658, 663 (1st Dep't 2011)").[4]

Contrary to Plaintiff's assertion, the cogent analysis performed by the Court of Appeals in *Goldberg v. Jacquet*, 667 F. App'x 313, 314 (2d Cir. 2016), is not the "lone" authority upon which Defendants rely for the proposition that an alleged wholesale withholding of wages is not a cognizable "deduction."  It is but one of many cases cited by Defendants (*see* Mov. Br. 7-8),

---

[4] The myriad other cases cited by Plaintiff suffer from the same deficiency as *Ryan* in that they do not discuss what constitutes a "deduction."  *See, e.g.*, *Kolchins v. Evolution Markets, Inc.*, 31 N.Y.3d 100, 110 (2018) (not discussing deductions); *Kieper v. Fusco Grp. Partners Inc.*, 152 A.D.3d 1030, 1033 (3d Dep't 2017) (same); *Denhaese v. Buffalo Spine Surgery, PLLC*, 144 A.D.3d 1519, 1520 (4th Dep't 2016) (same); *Friedman v. Arenson Office Furnishings Inc.*, 129 A.D.3d 525 (1st Dep't 2015) (same); *Fischkoff v. Iovance Biotherapeutics, Inc.*, No. 17CIV5041ATGWG, 2018 WL 4574890, at *4 (S.D.N.Y. July 5, 2018) (same); *Eschelbach v. CCF Charterhouse/Credit Commercial De France*, No. 01 CIV. 1778 (FM), 2006 WL 2057205, at *5 (S.D.N.Y. July 25, 2006) (same); *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F. Supp. 2d 397, 415–16 (S.D.N.Y. 2011) (same); *Esmilla v. Cosmopolitan Club*, 936 F. Supp. 2d 229, 252 (S.D.N.Y. 2013) (same).

none of which does Plaintiff bother to distinguish or address (other than to vaguely conclude that their holdings are wrong and "make[] no sense").  (Opp. 4.)

Further, the cases cited by Defendants in the Moving Brief represent just the tip of the iceberg.  Countless other courts have concurred in this regard, all concluding that NYLL § 193 does not apply to the wholesale withholding of wages (at the end of this paragraph is an additional representative sampling of such cases, which is by no means exhaustive).  Plaintiff cannot simply wish this authority away.  His request that this Court from break from such well-settled jurisprudence, therefore, is a painfully obvious "red herring."  *See, e.g.*, *Williams v. Epic Sec. Corp.*, 358 F. Supp. 3d 284, 302 n.24 (S.D.N.Y. 2019) ("[S]ection 193 applies to amounts *deducted* from wages, not *unpaid* wages and severance") (emphasis in original) (citation omitted); *Moras v. Marco Polo Network, Inc.*, No. 11 CIV. 2081 PAE, 2012 WL 6700231, at *11 (S.D.N.Y. Dec. 20, 2012) ("Section 193 has nothing to do with failure to pay wages" and governs instead "the specific subject of making deductions from wages"); *Malinowski*, 2012 WL 279450, at *3 n.5 (same); *Fearon-Gallimore v. Gottlieb*, No. 155133/2017, 2018 WL 1335255, at *4 (Sup. Ct. N.Y. Cty. Mar. 15, 2018) (dismissing § 193 claim because all that was alleged was a failure to pay overtime wages, which did not constitute a "deduction"); *Stec v. Passport Brands, Inc.*, No. 152069/2014, 2018 WL 4005858, at *4–6 (Sup. Ct. N.Y. Cty. Aug. 22, 2018) (wholesale withholding of past due wages was "not the type of 'deduction' Labor Law § 193 was designed to prevent"); *Kane v Waterfront Media, Inc.*, No. 0604007/2007, 2008 WL 3996234 (Sup. Ct. N.Y. Cty. Aug. 20, 2008) (dismissing § 193 claim because "a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages").

Accordingly, because Plaintiff does not and, by his own admission, cannot allege any actual or specific deductions from his wages – and thus alleges a wholesale withholding of those wages – the Second, Third, and Fourth Causes of Action must be dismissed as a matter of law.[5]

## III. THE SECOND CAUSE OF ACTION FAILS FOR THE ADDITIONAL REASON THAT THE PROFITS BONUSES ARE NOT "WAGES"

Defendants established in the Moving Brief that the Profits Bonuses cannot be recovered under § 193 because they are formula-based bonuses and, thus, do not constitute "wages" under the NYLL. (Mov. Br. 10-11.) Plaintiff's Opposition misconstrues Defendants' argument as one challenging whether the formula-based bonuses were "earned." (*See* Opp. 10-19.) Consistent with the rest of the Opposition, Plaintiff makes multiple irrelevant arguments designed to distract the Court from the dispositive issue, which is that the Profits Bonuses are not "wages." Accordingly, even assuming Plaintiff is correct that the Profits Bonuses were "earned," Plaintiff still cannot bring an action under the Labor Law to recover them.

Notably, Plaintiff fails to provide any authority stating or even suggesting that formula-based bonuses that are dependent on revenue outside of an individual's direct control, still somehow qualify as "wages." In fact, Plaintiff cites to a case – *Fischkoff v. Iovance Biotherapeutics, Inc.*, No. 17CIV5041ATGWG, 2018 WL 4574890, at *1 (S.D.N.Y. July 5, 2018) – that directly supports Defendants' argument:

> [w]hen considering bonus payments, courts in the Second Circuit have distinguished between bonuses conditioned on an employee's individual performance and those

---

[5] Defendants are befuddled by Point II of the Opposition, which asserts that Defendants are arguing that "an employer can defeat § 193 liability merely by denying that it owes the amount it owes" based on Defendants' citation to *Kletter v. Fleming*, 32 A.D.3d 566, 567 (3d Dep't 2006). (Opp. 5-9.) Defendants make no such argument, and thus, the entirety of Point II, as well as the case law cited therein, is irrelevant to Defendants' *actual* argument, which is that the failure to allege a specific deduction from wages is fatal to each of Plaintiff's Labor Law claims. *Kletter* supports this point, as well as the proposition, discussed *supra*, that a plaintiff cannot couch what is actually a breach of contract claim as to the amount owed under the contract as a Labor Law violation. *See Kletter*, 32 A.D.3d at 567 ("While his supplemental bill of particulars asserts that plaintiff withheld some of defendant's pay to compensate other dentists for the correction of his work, this assertion merely amplifies his breach of contract claim that plaintiff improperly calculated the net amount upon which his percentage fees were based").

conditioned on the performance of a group of employees or the company as a whole. The consensus is that bonuses conditioned on individual performance constitute wages under the NYLL, while bonuses conditioned on group or company-wide performance do not.

*Id.*[6]

Plaintiff also cites *Truelove v. Ne. Capital & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000), another case that cuts against his argument regarding "earned" bonuses. There, the Court held that a former employee was not entitled to a bonus because "[t]he terms of defendant's bonus compensation plan did not predicate bonus payments upon plaintiff's own personal productivity nor give plaintiff a contractual right to bonus payments based upon his productivity." Plaintiff's cited authority demonstrates the well-established principle that compensation must be based on the individual's actual work to be considered "wages" under the NYLL.[7]

Plaintiff further asserts that the Profits Bonuses were vested prior to Plaintiff's departure. (Opp. 18-19.) However, because the Profits Bonuses had not yet been calculated before Plaintiff's departure, they could not have vested as a matter of law. *See Levy v. Verizon Info. Servs.*, 498 F. Supp. 2d 586, 601 (E.D.N.Y. 2007) ("Where a compensation plan provides that incentive compensation is not earned until the end of a production period -- when appropriate adjustments can be made to calculate the net figures to which employees are entitled -- the

---

[6] The other authority Plaintiff cites is inapposite because, unlike the Profits Bonuses, it involves bonuses premised on individual performance. *See, e.g.*, *Ryan*, 19 N.Y.3d at 16 (discussing a non-formula-based bonus of $175,000 that was "expressly linked to [plaintiff's] labor or services personally rendered"); *Grober v. Bronson*, No. 651184/12, 2013 WL 497185, at *9 (Sup. Ct. N.Y. Cty. Feb. 04, 2013) (discussing a bonus tied to plaintiff's individual performance that "was not meant to reward [plaintiff] with a bonus based on the success of the firm's business"); *Friedman v. Arenson Office Furnishings Inc.*, 129 A.D.3d 525, 525 (1st Dep't 2015) (denying employer's motion for summary judgment where bonus was not premised "upon [the] employer's overall financial success," but rather, employee's ability to start up a new division, among other factors); *Freedom Home Mortg. Corp. v. Platinum Home Mortg. Corp.*, No. 1:11-CV-1357 GTS, 2015 WL 1446152, at *11 (N.D.N.Y. Mar. 30, 2015) (bonus was "intended to compensate [Defendant] for her individual performance").

[7] Plaintiff's attempt to distinguish the cases cited by Defendants is unavailing. While Plaintiff argues – unsuccessfully – that the bonuses in those cases were materially different than the Profits Bonuses, Plaintiff does not (and cannot) challenge the conclusion that bonuses based on factors outside the scope of an individual's work cannot be recovered under NYLL § 193.

incentive compensation does not vest, and thus does not qualify as wages, until after the amounts due are determined.").[8]

Because the Profits Bonuses are not "wages" under § 193, Plaintiff's Second Cause of Action must be dismissed for this separate, independent reason.

## IV. THE THIRD AND FOURTH CAUSES OF ACTION FAIL BECAUSE PLAINTIFF WAS, BY HIS OWN ADMISSION, AN EXECUTIVE

Defendants demonstrated in the Moving Brief that Plaintiff cannot state a claim for an alleged failure to pay Severance Pay and Accrued Benefits under § 193 for the additional and alternative reason that Plaintiff admits he was employed as an executive, and executives are not entitled to recover "benefits" or "wage supplements" pursuant to the exclusion found in NYLL § 198-c. (Mov. Br. 12-14.) Yet again, rather than distinguish or address *any* of the established precedent Defendants cite in support of this argument, Plaintiff simply insists that these numerous cases were decided "in error." (Opp. 24.)

As he did in the Amended Complaint, Plaintiff relies solely on *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 615 (2008), to support the argument that § 198-c is a criminal statute and, thus, does not apply to civil suits. This argument has been rejected by multiple courts – **and for good reason**. (*See* Mov. Br. 13 (citing cases).) The *Pachter* decision actually acknowledges and confirms that executives cannot claim an unauthorized deduction of benefits and wage supplements as a result of the exclusion found in § 198-c.[9] *See Pachter*, 10 N.Y.3d at 615; *see also Fraiberg v. 4Kids Entm't, Inc.*, 75 A.D.3d 580, 583 (2d Dep't 2010) (holding that

---

[8] For this reason, Plaintiff's citation to *Giuntoli v. Garvin Guybutler Corp.*, 726 F. Supp. 494, 496 (S.D.N.Y. 1989) (involving a non-formula-based bonus of $31,000, an amount that was determined before plaintiff's departure) and *Figura v. N. Country Janitorial, Inc.*, 53 Misc. 3d 881, 887 (Sup. Ct. Warren Cty. 2016) (stating that the bonus must be "vested and mandatory" in dismissing claim for 2% of net profits bonus), is wholly without merit.

[9] Accordingly, Plaintiff misconstrues *Pachter's* "core teachings" (Opp. 25), and there is no conflict between *Pachter* and the various other cases holding that bona fide executives, like Plaintiff claims to have been, cannot recover benefits and wage supplements.

- 9 -

executive could not recover allegedly withheld severance payment and noting that *Pachter* "reaffirmed the validity of the exclusion relating to benefits and wage supplements set forth in Labor Law § 198-c(3)"); *Monagle v. Scholastic, Inc.*, No. 06 CIV. 14342 GEL, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) (plaintiff was excluded from recovering severance payments as a result of status as bona fide executive); *Edwards v. Schrader-Bridgeport Int'l, Inc.*, 205 F. Supp. 2d 3, 13–14 (N.D.N.Y. 2002) ("[B]ecause Plaintiff is an executive, the exception in § 198-c(3) applies and, therefore, as it relates to Plaintiff, reimbursement of expenses is not included in the definition of wages under § 190"); *Cantor Fitzgerald Assocs., L.P. v. Mines*, 1 Misc. 3d 906(A), at *2 (Sup. Ct. N.Y. Cty. 2003) ("Pursuant to sections 190 and 198-c, the unauthorized deduction of wages prohibited in section 193 does not apply to those employed in an "executive, administrative or professional capacity whose earnings are in excess of six hundred dollars a week") (citing *Cohen v. ACM Med. Lab., Inc.*, 178 Misc.2d 130, 135 (Sup. Ct. Monroe Cty. 1998)).

Thus, because Plaintiff himself claims that he was a bona fide executive, the Third and Fourth Causes of Action must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss, with prejudice, the Second, Third, and Fourth Causes of Action asserted in the Amended Complaint, together with such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>June 24, 2019 | **REED SMITH LLP**<br><br>By: */s/ Cindy Schmitt Minniti*<br>    Cindy Schmitt Minniti<br>    Mark S. Goldstein<br>    Talia N. Fiano<br>599 Lexington Avenue<br>New York, N.Y.  10022<br>(212) 549-0327<br>*Attorneys for Defendants* |