

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Cindy Schmitt Minniti**
Direct Phone:  +1 212 549 0327
Email:  cminniti@reedsmith.com

August 19, 2019

<u>Via ECF</u>

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y.  10007

      Re:     <u>*Jensen v. AR Global Investments, LLC et al.*, No. 19-cv-657 (RA)</u>

Dear Judge Abrams:

      We represent Defendants in the above-referenced matter and write in response to Plaintiff's letter dated August 14, 2019.  (ECF No. 35.)  In Plaintiff's letter, he cites two recent decisions – one issued by the New York State Appellate Division, First Department, and one issued by Judge Furman of the Southern District.  These cases, Plaintiff argues, support the supposed proposition that a wholesale withholding of wages constitutes a violation of New York Labor Law §§ 193 and 198.

      Plaintiff's arguments, however, ring hollow.  As will be explained below, the cases Plaintiff cites, just like the cases cited in his opposition brief, are wholly inapposite to the present circumstances.  And in fact, since Defendants' motion was submitted to the Court, several New York courts have actually reaffirmed and provided further support for the well-settled principle that an alleged wholesale withholding of payment does not violate the Labor Law.  Defendants' position, therefore, has, if anything, only been strengthened in the past few months.

      For these reasons, and those cited in Defendants' moving papers, Plaintiff's Labor Law claims must be dismissed with prejudice.

### The Cases Plaintiff Cites Are Inapposite

      To start, the cases cited by Plaintiff in his August 14 letter – *Lord v. Marilyn Model Mgmt., Inc.*, 173 A.D.3d 606 (1st Dep't June 25, 2019) and *Lee v. Kylin Mgmt. LLC*, No. 17-CV-7249, 2019 WL 3454665 (S.D.N.Y. July 31, 2019) – are distinguishable and inapposite.  Plaintiff cites these cases in an attempt to find new law speaking to the wholesale withholdings of wages.  Because no such new law exists, however, this attempt is futile.

      To that end, the primary – and in fact almost exclusive – issue presented in *Lord* and *Lee* was whether a valid agreement existed between the parties and, tangentially, whether the plaintiff had

Hon. Ronnie Abrams
August 19, 2019
Page 2



sufficiently stated a breach of contract claim.¹  That is not at all the issue presented by this case, and certainly not by Defendants' motion to dismiss.  Indeed, neither Plaintiff nor Defendants are asking the Court to resolve whether a valid agreement existed or what terms it might, or might not, have included.

Emblematic of their irrelevance to this Court's resolution of Defendants' motion to dismiss, is the fact that there is literally no substantive discussion in either *Lord* or *Lee* of even a single legal issue raised by Defendants' motion.  With respect to *Lord*, the reason for this is fairly obvious – it is because the defendant never raised any such issue with either the trial or the appellate court.  *See* 2016 WL 11501648 (the *Lord* defendant's motion to dismiss brief); 2016 WL 11395242 (motion to dismiss reply brief); 2019 WL 2903819 (appellate brief).  Neither court, therefore, was in a position to address or rule on the issues that Defendants have raised in this case.

And even though the appellate court's *Lord* decision does mention Article 6 of the New York Labor Law – in a mere one sentence deploying only the most passing, conclusory language – there is no discussion whatsoever of any of the issues raised by Defendants' motion or how/why the court reached its conclusion.  *See Lord*, 173 A.D.3d at 607-08.  Perhaps equally importantly, the *Lord* decision does not mention *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443, 450 (1st Dep't 2017), its substantial progeny, or call its holding into question.  Surely if the First Department had intended to somehow abrogate *Perella*'s clear holding, the court would have at least mentioned the decision by name, much less engaged in a discussion of the issues implicated by it.

As to the *Lee* decision, while it contains a brief discussion of the Labor Law, this discussion focuses exclusively on how the plaintiff's wage claim hinges upon the existence of a binding contract between the parties.  As in *Lord*, the court in *Lee* did not address the issues raised by Defendants' motion to dismiss.²

Perhaps speaking the greatest volume as to *Lord*'s and *Lee*'s inappositeness, neither decision even mentions the words "wholesale," "withholding," or "deduction."  How, then, could these cases offer even a shred of probative value to this Court's adjudication of Defendants' motion to dismiss?  They simply cannot and, indeed, they do not.

### Since Defendants' Motion Was Submitted, New York Courts Have Provided Even Further Support for Dismissal of Plaintiff's New York Labor Law Claims

Not only are the cases Plaintiff cites irrelevant to the resolution of Defendants' motion to dismiss, but New York courts have in fact recently provided additional support for dismissing Plaintiff's Labor Law claims.  For instance:

---

¹ *See, e.g., Lee*, 2019 WL 3454665, at *3 (". . . many of Lee's claims – namely, his breach-of-contract claims[], his New York Labor Law claims, and his unjust-enrichment claim against Kang – turn on whether the parties' [sic] intended to be bound by the 2015 Term Sheet").
² Plaintiff's reference in his letter to *Kolchins v. Evolution Markets, Inc.*, 31 N.Y.3d 100, 110 (2018) is of no relevance because that decision did not discuss what constitutes a "deduction."

Hon. Ronnie Abrams  
August 19, 2019  
Page 3



- In *Amon v. Drohan*, No. 654014/2018, 2019 WL 3063804 (N.Y. Sup. Ct. July 10, 2019), the court reiterated that "a wholesale withholding of payment is not a 'deduction' within the meaning of Labor Law § 193." *Id*. at *3 (citing *Perella*, 153 A.D.3d at 443).

- In *Brown v. S. Nassau Communities Hosp.*, No. 159289/18, 2019 WL 3413557, (N.Y. Sup. Ct. July 29, 2019), the court noted that "[t]o state a claim under section 193, a plaintiff must allege a specific deduction, and not merely a "wholesale withholding" of the payment of wages" *Id*. at *2 (quoting *Perella*, 153 A.D.3d at 449).

- In *Munroe v. Truveris Inc*., No. 650454/2017, 2019 WL 2451366 (N.Y. Sup. Ct. June 12, 2019), the court reasoned that "[a] wholesale withholding of payment is not a deduction within the meaning of Labor Law § 193." *Id*. at *9 (quoting *Perella*, 153 A.D.3d at 449).

Despite Plaintiff's postulation that there is a "deeply divided state of Article 6 jurisprudence," the above cases, and those cited in Defendants' moving papers, demonstrate that this is clearly not the case.

### Regardless of Plaintiff's Letter, There Are Separate and Independent Grounds for Dismissing His Labor Law Claims

  Lastly, even if Plaintiff's analyses of *Lord* and *Lee* were correct (which they are not), Plaintiff's Labor Law claims are nevertheless still ripe for dismissal on separate and independent grounds. As Defendants explained in their moving papers, Plaintiff's Second Cause of Action still fails because the bonuses he seeks to recover do not constitute "wages" within the meaning of the Labor Law. And Plaintiff's Third and Fourth Causes of Action are still barred for the additional reason that, as an executive, Plaintiff cannot recover "wage supplements," such as the Severance Pay and Accrued Benefits (as those terms are defined in Defendants' motion).

  Try as Plaintiff may to circumvent it, New York law impels only one legally-supportable conclusion here: namely, that Plaintiff's Labor Law claims must be dismissed with prejudice. Defendants appreciate Your Honor's attention to this matter.

                 Respectfully,

                 */s/ Cindy Schmitt Minniti*

                 Cindy Schmitt Minniti

cc: Plaintiff's counsel (via ECF)