

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Cindy Schmitt Minniti**
Direct Phone:  +1 212 549 0327
Email:  cminniti@reedsmith.com

August 30, 2019

<u>Via ECF</u>

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y.  10007

      Re:    <u>*Jensen v. AR Global Investments, LLC et al.*, No. 19-cv-657 (RA)</u>

Dear Judge Abrams:

      We represent Defendants in the above-referenced matter and write in response to Plaintiff's letter dated August 28, 2019.  (ECF No. 37.)

      Defendants' motion to dismiss Plaintiff's New York Labor Law claims was fully submitted to the Court on June 24, 2019.  Since that time, Plaintiff has submitted not one, but now two letters to the Court concerning the substance of Defendants' motion (<u>essentially two impermissible sur-replies</u>).[1]  Each of these letters cites recent decisions that, according to Plaintiff, support the supposed proposition that a wholesale withholding of wages constitutes a violation of New York Labor Law §§ 193 and 198.

      That was not the state of the law when Defendants' motion to dismiss was fully submitted in June, however, and it is most certainly not the state of the law now.  Indeed, neither Plaintiff's prior citations to *Lord v. Marilyn Model Mgmt., Inc*. or *Lee v. Kylin Mgmt. LLC* – which, as Defendants explained, are entirely inapposite (*see* ECF No. 36) – nor his most recent citation to *Zinno v. Frank. J. Schlehr, M.D., P.C.*, 2019 N.Y. App. Div. Lexis 6354 (4th Dep't Aug. 22, 2019), alter the well-established legal landscape in this regard.[2]

      In his August 28 letter, Plaintiff argues, principally, that the *Zinno* decision rejected the longstanding distinction between a mere "deduction" and a wholesale "failure to pay."  <u>This is simply not so</u>.  Contrary to Plaintiff's assertions, *Zinno* did not involve the wholesale withholding of wages or a failure to pay unrelated to deductions.  *Zinno*, like *Lord* and *Lee*, is thus wholly distinguishable and inapposite in a host of ways, including that:

---

[1] To that end, Defendants respectfully submit that Plaintiff's two supplemental briefing letters should be disregarded because they are procedurally improper.

[2] Rather than repeat previous arguments and well-established legal principles, Defendants respectfully refer the Court to their moving papers and their prior response letter to the Court for a full discussion of the law in this regard.  (*See* ECF Nos. 25, 34, and 36.)

Hon. Ronnie Abrams
August 30, 2019
Page 2



- The *Zinno* defendant failed to raise the Labor Law defense with the trial court and, instead, raised it for the first time on appeal (which the defendant even conceded). It is not surprising, therefore, that the appellate court gave short shrift to the defendant's arguments on this issue. Here, by contrast, Defendants timely raised this issue for this Court's consideration.

- By the *Zinno* defendant's own admission, that case "does not involve a failure to pay compensation. It involves delayed payment, with partial good faith payments made during the time taken to compute the full bonus amount owed." (*Zinno* Defendant-Respondent's Brief ("*Zinno* Resp. Brief"), at 18.)[3] This case, on the other hand, exclusively involves an alleged wholesale failure to pay compensation. It does not involve delayed payment, or partial payments made along the way.

- The issue in *Zinno* was "whether defendant's delay in paying plaintiff – during which defendant made good faith advances toward the total amount owed – constituted a wage "deduction." (*Id.* (emphasis in original).) Again, delays in payment play no role whatsoever in this action or in deciding Defendants' motion to dismiss. The sole question here is whether an alleged wholesale withholding of wages violates New York Labor Law §§ 193 and 198. And on that point, New York federal and state courts have answered with a resounding "no." The *Zinno* decision does not move the needle on this even one iota.

- The defendant in *Zinno* "always indicated that plaintiff would be paid in full. Defendant just needed time to compute the amount owed." Further, the defendant made "substantial good faith payments . . . to the plaintiff while the [bonus] calculations were being made" and the defendant "never denied that plaintiff would be paid in full." (*Id.*) None of these facts are present here.

- In *Zinno*, the plaintiff identified specific deductions that the defendant made from his compensation. (*Zinno* Plaintiff-Appellant's Reply Brief, at 6-7.) In stark and dispositive contrast, here, Plaintiff concedes that his Labor Law claims are based solely on an alleged wholesale withholding of wages. Plaintiff thus has not – because he cannot – identified any specific deductions purportedly made by Defendants.

- *Zinno* was decided by the Appellate Division, Fourth Department. Decisions from the Fourth Department – which "extends from the St. Lawrence River in the north to the Pennsylvania border in the south and from the Mohawk Valley in the east to Lake Erie and the Province of Ontario to the west"[4] – are not binding on this Court. Rather, this Court should be guided by the First Department – whose seminal decision on this issue, as previously discussed, is *Perella Weinberg Partners LLC v. Kramer*, 153 A.D.3d 443 (1st Dep't 2017) – as well as the Second Circuit Court of Appeals (*see, e.g., Goldberg v.*

---

[3] Like Plaintiff, Defendants will provide copies of the *Zinno* appellate briefs if the Court so requests it.
[4] *See* Sup. Ct. of N.Y., App. Div., 4th Dep't., Overview of the Appellate Division, http://www.nycourts.gov/courts/ad4/Court/overview.html (last visited Aug. 29, 2019).

Hon. Ronnie Abrams  
August 30, 2019
Page 3

*Jacquet*, 667 F. App'x 313 (2d Cir. 2016)) and other New York federal courts (*see, e.g., Gold v. Am. Med. Alert Corp.*, No. 14 CIV. 5485, 2015 WL 4887525 (S.D.N.Y. Aug. 17, 2015)).

In short, therefore, *Zinno* involves what can, at best, be described as a <u>partial</u> withholding of pay. This was the result of the defendant-company making interim installment payments to the plaintiff while it calculated the precise amount that it (admittedly) owed the plaintiff. As the Court explained, "[a]lthough defendant paid plaintiff in part, defendant admitted that it failed to pay plaintiff the entire amount owed for additional compensation." *Zinno*, 2019 N.Y. App. Div. LEXIS 6354, at *2. In other words, the *Zinno* defendant made partial payment of the sum owed. Here, Plaintiff does not allege that any such partial payment has occurred. Instead, he alleges that Defendants committed a wholesale withholding of wages, which very clearly does not violate New York Labor Law §§ 193 or 198.

For these reasons, therefore, *Zinno* provides no value to Defendants' motion to dismiss and, like *Lord* and *Lee*, should be disregarded. In addition, as explained in Defendants' August 20 letter to the Court, even if Plaintiff's analyses of *Lord*, *Lee*, and *Zinno* were correct (which they are not), Plaintiff's Labor Law claims are nevertheless still ripe for dismissal on separate and independent grounds. (*See* ECF No. 36.)

Defendants appreciate Your Honor's attention to this matter.

Respectfully,

*/s/ Cindy Schmitt Minniti*

Cindy Schmitt Minniti

cc: Plaintiff's counsel (via ECF)